Pearson, J.
 

 The will of Drury Jones has this clause : “Item 13: I give and bequeath to
 
 the heirs
 
 of Samuel
 
 *189
 
 Jones, six hundred dollars.”' Samuel Jones is living, and,' of course, has no
 
 heirs
 
 — “
 
 nemo est heaves vivsntis
 
 and' the question is, what did the testator mean ?
 

 He says : “ Item 1 : 1 giro to Julius and Algernon Joiner,.
 
 sons
 
 of William II. Joiner, five hundred dollars each > and in “ item 7, I give to the seven
 
 children
 
 of Julius Tim--berlake,
 
 dec’d,
 
 two hundred dollars each.”
 

 The general rule is, that a will or other writing cannot be added to, varied, or
 
 explained
 
 by parol evidence,
 
 but must speak for itself.
 
 In fitting the description to the person or thing, of course parol evidence must be resorted to; as, if a deed says, “ beginning at a black oak and running thence, &c.,” what black oak, must be determined by parol evidence. So, if a will says, “I give to my nephew John,” what individual was meant, must be determined by parol evidence; or “ I give my white horse,” what horse was meant, must be determined in the same way. So, if a testator says, I give to the “ captain,” who was meant by this soubriquet or nick-name must be ascertained by proving, that he was in the habit of calling a certain person “ captain.”
 

 In our case, the difficulty is not in fitting the description'' to the person or thing, but in ascertaining what the de. scription means. What did he mean by the
 
 heirs
 
 of Samuel Jones ? Taken literally, Samuel Jones had n& heirs,1 because he was alive. Admitting it to be competent to prove, by way of explanation, that the testator knew, that’ Samuel Jones was alive, can any one say, what he meant by “the heirs of Samuel Jones ?” In speaking-of.the Tim-.1 berlakes, he says, “
 
 the children of Julius Timberlake dec’d,”
 
 and in speaking of the Joiners, he says, “the
 
 sons
 
 of William H. Joiner.” We-cannot suppose, that by the words,■« “ heirs of Samuel Jones,” he meant the children of Jones for, if so, why did he not say “children,” as he had done in reference to the Timberlakes. Ho must have, had some reason for varying the expression.. . At all events, we'.-are
 
 *190
 
 nót at liberty to depart from the proper meaning of the word “ heirs,” and give to it the same meaning as to the word “children,” which the testator had just before used.
 

 It may be, he meant by the word “ heirs,” to include the children and
 
 grandchildren,
 
 or the descendants of Samuel Jones. We cannot say — and are obliged to declare, that we are unable to say, what the testator meant; and the legacy is void for vagueness and uncertainty.
 

 The will must be construed as if item 13 were stricken out. There is no other difficulty suggested.
 

 Per Curiam. Decree accordingly.